LÓPEZ, DEMANDANTE Y APELADO, *v.* CENTRAL EUREKA, INC., DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre desahucio.

No. 1964.—Resuelto en abril 4, 1919.

DESAHUCIO—ARRENDAMIENTO NO INSCRITO—COMPRADOR DE FINCA ARRENDADA.—Cuando el comprador de una finca arrendada cuyo arrendamiento no consta inscrito en el registro de la propiedad no promete respetar tal contrato, aún cuando conozca su existencia, no está obligado por sus términos, y si el arrendatario no se aviene a entregarle la finca, puede ejercitar contra él la acción de desahucio.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Pascasio Fajardo Martínez.*

Abogados del apelado: *Sres. Feliú & Alemañy.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Enrique López Delgado estableció en la Corte de Distrito de Mayagüez una demanda ejercitando la acción de desahucio contra la Central Eureka. Sostuvo que era dueño de determinada finca que la demandada venía disfrutando precariamente, sin pagar canon ni merced alguna por la misma.

La demandada excepcionó la demanda en el sentido de que no aducía hechos suficientes para determinar una causa de acción y la contestó además por medio de alegaciones negativas y positivas, consistentes las primeras en una negación

general y específica de todos y cada uno de los hechos de la demanda y las segundas en que se encontraba en posesión de la finca de que se trataba a virtud de un contrato de arrendamiento debidamente celebrado.

Fué el pleito a juicio y la corte, el 28 de octubre de 1918, dictó sentencia en favor del demandante. La demandada entonces interpuso el presente recurso de apelación.

En su opinión la corte sentenciadora expuso que a su juicio la demanda contenía todas las alegaciones esenciales necesarias para determinar la acción ejercitada. Luego sostuvo que la evidencia presentada por el demandante fué suficiente para probar su caso. Y, por último, analizando la evidencia de la demandada, concluyó, en resumen, que no fué bastante para demostrar que la finca a que se refería el arrendamiento fuera la misma del demandante, pero que en la hipótesis de que lo fuera, no constando inscrito dicho arrendamiento en el registro, ni teniendo conocimiento de él el demandante, y aun teniéndolo, no estaba obligado a respetarlo, ya que a ello no se obligó, y pudo, por tanto, ejercitar como ejercitó, con éxito, la acción de desahucio en los términos que la misma ley determina.

Reducido a sus propios límites, este caso envuelve solamente la interpretación y aplicación de los preceptos legales contenidos en los artículos 1452 y 1474 del Código Civil Revisado.

Siendo casada, doña Margarita del Carmen Font y Martelo adquirió dos pequeñas fincas en la bajura de Cabo Rojo y, siendo viuda, en 1911, las arrendó a Julio P. Castro por término de diez años, subarrendándolas éste a la demandada. El contrato de arrendamiento se presentó en el registro, negándose su inscripción el 10 de julio de 1918 habiéndose tomado en su lugar anotación preventiva.

El 2 de julio de 1918 los herederos de doña Margarita y de su esposo comparecieron ante notario público y vendieron las dos fincas de que se trata al demandante. En la escritura se hizo constar lo que sigue:

"E. Los vendedores trasmiten al comprador la posesión de derecho que da a éste el presente título; pero será por cuenta, gestión y diligenciamiento del comprador el hacerse obtener y ponerse él mismo en posesión material del inmueble objeto del presente contrato, pues hacen constar los vendedores que hace tres o cuatro días fueron notificados por don Mateo Fajardo Cardona, en su carácter éste de presidente de la corporación Central Eureka, Incorporada, de que la causante doña Matilde Margarita del Carmen Font y Martelo había celebrado con don Julio P. Castro un contrato de arrendamiento por el cual éste había tomado en arrendamiento cierto predio rústico de dicha causante; y que el referido señor Castro había subarrendado dicho inmueble a la citada corporación 'Central Eureka, Incorporada,' y que el señor Fajardo Cardona consignó para ellos en la corte municipal de este pueblo cierta cantidad de dinero en pago de cánones vencidos y por vencer, por concepto de dicho contrato; pero hacen constar los vendedores que se han negado y se negarán a recibir dicho dinero, pues nunca habían tenido conocimiento de tal contrato ni han intervenido en forma alguna a su otorgamiento, por lo que hacen constar que no vienen obligados al reconocimiento ni al cumplimiento de dicho contrato ni de ningún otro contrato que se haya celebrado con ninguna otra persona.''

En ninguna parte de la escritura, que fué debidamente inscrita en el registro, se hizo constar que el comprador se obligaba a respetar el contrato de arrendamiento celebrado por doña Margarita.

Dejando a un lado la cuestión de si doña Margarita Font pudo o no otorgar por sí sola válidamente el contrato de arrendamiento y partiendo de la base de que la finca estaba arrendada por el vendedor cuando fué adquirida por el demandante, opinamos que no constando inscrito tal arrendamiento en el registro al tiempo de verificarse la venta, ni habiéndose obligado a respetarlo el comprador, actuó correctamente la corte sentenciadora al declarar con lugar la demanda.

Dice el artículo 1474 del Código Civil que el comprador de una finca arrendada tiene derecho a que termine el arriendo vigente al verificarse la venta, salvo pacto en contrario y lo dispuesto en la Ley Hipotecaria, y el 1452 del propio có-

digo expresa que con relación a terceros, no surtirán efec-
tos los arrendamientos de bienes raíces que no se hallen de-
bidamente inscritos en el registro de la propiedad.

Sostiene la parte demandada y apelante que el deman-
dante no es un tercero porque tuvo conocimiento directo del
arrendamiento, según consta de la misma escritura de venta,
y, por tanto, que estaba obligado a respetar dicho contrato
aunque no estuviera inscrito en el registro.

No es posible aceptar tal teoría. La Ley Hipotecaria dis-
pone que los contratos de arrendamiento de bienes inmue-,
bles, (artículo 2, No. 5º.), podrán inscribirse en el registro
de la propiedad, y es a virtud de la inscripción que surge
el derecho del arrendatario a que si el arrendador vende la
finca, el comprador respete su contrato en los términos que
consten del registro. Si el contrato de arrendamiento no se
inscribe, entonces, de no existir pacto en contrario, queda
en toda su fuerza el precepto del artículo 1474 relativo al
derecho del comprador a que termine el arrendamiento vi-
gente al verificarse la venta. Las palabras de la ley demues-
tran que el legislador tenía en mente el caso en que el com-
prador estaba enterado de la existencia del contrato.

Comentando Manresa el artículo 1571 del Código Civil
español, igual al 1474 del nuestro, dice:

"De acuerdo con este criterio, el artículo 1571 sienta el principio
de que el comprador de una finca arrendada tiene derecho a que
termine el arriendo vigente al verificarse la venta. El punto de par-
tida de este criterio es la consideración de que siendo el arrenda-
miento un contrato que pasó entre el arrendador y el arrendatario,
y mereciendo el comprador el carácter de tercero respecto del mismo,
no puede prevalecer contra él un derecho de la categoría de los per-
sonales.

"El Código en este artículo ha instituído evidentemente una
causa más de desahucio, causa que no arranca de hecho u omisión
del arrendatario como las demás que hemos examinado, sino del acto
de traslación de dominio realizado por el arrendador, que, al engen-
drar una nueva relación jurídica, ejerce positiva influencia sobre la

antes existente por razón de los principios en que cada una se funda y del objeto común sobre que recaen, que es la finca arrendada.

"Antes de que la jurisprudencia de este artículo hubiese tenido tiempo de formarse, oímos discutir si el derecho que al comprador concede, podía o no ser ejercitado en forma de acción de desahucio y en el juicio de este nombre. Siempre estuvimos por la afirmativa, porque si lo que al comprador se concede es el derecho de hacer cesar un arrendamiento para que la finca quede completamente a su disposición, no otro es el fin que con el desahucio se persigue, y porque si este juicio procede en aquellos casos en que el motivo resulta de un hecho claro y evidente, notoriamente de esta naturaleza es el hecho de la venta de que arranca el derecho del comprador. No puede, pues, caber duda de que se trata de una nueva causa de desahucio, y que en este juicio ha de tener efectividad el derecho del comprador cuando el arrendatario no quiera reconocerlo voluntariamente. Al Tribunal Supremo han llegado ya no pocos casos, y ni una vez siquiera se ha dejado de dar por supuesto, que tal procedimiento sea el adecuado.

*     *     *     *     *     *     *

"Lo dispuesto en la Ley Hipotecaria.—En estas palabras establece el párrafo 1º. del artículo 1571 otra excepción al principio de que el comprador tiene derecho a que termine el arrendamiento. Lo dispuesto en la Ley Hipotecaria es el contenido del número 5º. del artículo 2º., o sea la determinación de los casos en que el arrendamiento es inscribible, y, por lo tanto, derecho real, casos que ya sabemos cuáles son; lo dispuesto en la Ley Hipotecaria es el principio del artículo 24 de la misma, que dice que los títulos inscritos surtirán su efecto aun contra los acreedores singularmente privilegiados por la legislación común.

"Consecuencia de estas disposiciones es que, cuando se trata de un arrendamiento inscrito en el registro de la propiedad, se trata de un derecho real que, por virtud de su inscripción, surte efectos contra tercero. El comprador, como tal tercero, tiene que estar y pasar por él, y, por lo tanto, no le asistirá el derecho a que el arrendamiento termine." 10 Manresa, Código Civil español, 637, 640.

Y esta Corte Suprema en el caso de *Sosa* v. *Río Grande Agrícola Co., Ltd.,* 17 D. P. R. 1149, interpretando y aplicando el repetido artículo 1474 del Código Civil Revisado, estableció la siguiente doctrina que no deja lugar a dudas de ningún género:

"Celebrado un contrato de arrendamiento en virtud de documento, sin pacto de respetar la posesión del arrendatario en caso de venta, dicho contrato tiene el carácter de personal y aun en el supuesto de que el comprador de la finca arrendada tuviera conocimiento de la existencia del mismo, esto no altera su naturaleza y el arrendatario está obligado a desalojar la finca si así lo exige el comprador."

Por virtud de todo lo expuesto procede declarar sin lugar el recurso y confirmar la sentencia recurrida.

> *Declarado sin lugar el recurso y confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.